## Case No. 17,178.

### In re WARNER et al.

[7 N. B. R. 47; [1] 4 Pac. Law Rep. 123.]

District Court, S. D. New York. Dec. 29, 1871.

BANKRUPTCY—PARTNERSHIP BETWEEN FIRMS.

Two firms shared in a certain venture, and kept an account at bank in the name of one firm, adding the word "Co.," and so signed the checks. *Held*, that these checks did not establish a copartnership between the two firms, and that the holder of one of the checks thus signed could not file a petition in bankruptcy against the members of both firms. Petition dismissed with costs.

[In the matter of J. H. Warner and others, bankrupts.]

Norwood & Coggeshall, for petitioning creditor.

H. B. Whitbeck, for Anderson, Willits, and Abrams.

BLATCHFORD, District Judge. In this case it is very clear, on the evidence, that there ought not to be any adjudication against Anderson, Willits, or Abrams, for these reasons:

First. The petitioning creditor was never the creditor of Anderson, Willits, or Abrams, otherwise than through such liability on their part as could arise out of the checks given him which were signed in the name of Warner, Dickson, McElrath & Co., by Anderson.

Second. Those checks, in view of the evidence, do not establish that there was any copartnership called Warner, Dickson, McElrath & Co., of which Anderson, Willits and Abrams were members, or either of them was a member. They were merely drawn against moneys which, if on deposit to meet them, would have been so on deposit as the specific proceeds of the sales of peaches, and would have been deposited to the credit of an account which had been opened in the name of Warner, Dickson, McElrath & Co., as representing such proceeds, to keep them separate from moneys on deposit in the same bank to the credit of an account which had been opened in the name of Warner, Dickson & McElrath.

Third. The written agreement between the two firms of Warner, Dickson & McElrath and Anderson & Co., in their firm names, did not constitute a partnership between the six members of the two firms, in respect to the peach business, so as to make the members of the firm of Anderson & Co. liable to the petitioning creditor on any of the indebtedness set forth in the petition.

Fourth. It is not established that any such partnership, created in any manner, existed.

The petition is dismissed with costs.

---

[1] [Reprinted from 7 N. B. R. 47, by permission.]